UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

                                                       Case No. 23-44134-nhl

Francis Bistrian a/k/a Frank Bistrian,               Chapter 7

                                 Debtor.
--------------------------------------------------------X
Robert J. Musso, Chapter 7 Trustee of the
Estate of Network Group, LLC,                 Adv. No. 24-01090-nhl
                         Plaintiff,
        -against-

Francis Bistrian a/k/a Frank Bistrian,
                         Defendant.
--------------------------------------------------------x

### PLAINTIFF'S NOTICE OF MOTION TO HOLD DEFENDANT IN CONTEMPT AND TO IMPOSE DISCOVERY SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37

Please take notice that upon the annexed application of Robert J. Musso ("Plaintiff), plaintiff in this action and Chapter 7 trustee of the estate of Network Group, LLC ("Network"), by his attorneys, Rosenberg, Musso & Weiner, LLP, will move this Court before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, on February 2, 2026 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order pursuant to Federal Rule of Civil Procedure 37, applicable in this proceeding under Federal Rule of Bankruptcy Procedure 7037, holding Francis Bistrian a/k/a Frank Bistrian ("Defendant") in contempt for his failure to provide all the discovery requested by Plaintiff and imposing sanctions on Defendant, including but not limited to, 1) striking his answer, 2) prohibiting him from supporting any defenses he may have, and 3) granting Plaintiff an adverse inference as to the facts alleged in Plaintiff's complaint, and an additional order awarding Plaintiff costs and expenses, including legal fees, to be paid by Defendant and/or his attorneys, together with such other relief is just and proper.

**PLEASE TAKE FURTHER NOTICE** that the hearing shall not be held in person but shall be held telephonically or by video. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you

do not have internet access or are otherwise unable to register with eCourt Appearances, you must email Judge Lord's courtroom deputy for instructions at nhl_hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Application and/or responsive papers, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before January 26, 2026 with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served so as to be received by the attorneys for the Plaintiff, Rosenberg, Musso & Weiner, P.O. Box 130, Huntington Station, New York 11746-0110, Attention: Bruce Weiner, Esq., on or before January 26, 2026 at 5:00 p.m.  Parties with legal representation shall file with the court: (a) (I) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of the document: or c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word or DOS test (ASCII) format.

Dated: Arlington, Virginia  
      December 29, 2025

ROSENBERG, MUSSO & WEINER, LLP  
Attorneys for Plaintiff

By:   /s/   Bruce Weiner  
    Bruce Weiner  
    P.O. Box 130  
    Huntington Station, New York 11746-0110  
    bweiner@nybankruptcy.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                              Case No. 23-44134-nhl
Francis Bistrian a/k/a Frank Bistrian,
                    Chapter 7
                            Debtor.
----------------------------------------------------------------X
Robert J. Musso, Chapter 7 Trustee of the
Estate of Network Group, LLC,                                       Adv. No. 24-01090-nhl
                    Plaintiff,
      -against-
Francis Bistrian a/k/a Frank Bistrian,
                    Defendant.
--------------------------------------------------------x

**PLAINTIFF'S MOTION TO HOLD DEFENDANT
IN CONTEMPT AND TO IMPOSE DISCOVERY SANCTIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

Robert J. Musso, plaintiff in this action ("Plaintiff"), and trustee of the estate of Network

Group LLC ("Network"), in support of his motion for an order pursuant to Federal Rule of Civil

Procedure 37, applicable in this proceeding under Federal Rule of Bankruptcy Procedure 7037,

holding Francis Bistrian a/k/a Frank Bistrian ("Defendant") in contempt for his failure to provide all

the discovery requested by Plaintiff and imposing sanctions on him, including but not limited to

striking his answer, prohibiting him from supporting any defenses he may have, and granting

Plaintiff an adverse inference as to the facts alleged in Plaintiff's complaint, and an additional order

awarding Plaintiff costs and expenses, including legal fees, to be paid by Defendant and/or his

attorneys respectfully represents:

1.        <u>Background</u>. On July 18, 2025, Plaintiff served a First Request for the

Production of Documents (the "Document Request") on Defendant. When Defendant failed to

produce any documents by the date set in the Document Request, Plaintiff filed a Motion for

1

Discovery Sanctions ("the Motion to Compel"), which Defendant did not respond to until the date of the scheduled hearing, November 12, 2025. At the hearing on November 12, 2025, this Court, found Defendant's purported response to be inadequate, and on November 24, 2025, issued an order (the "November 24 Order") granting the Motion to Compel and giving Defendant a deadline of December 4, 2025 to 1) give Plaintiff copies of all the documents Defendant alleges he already provided to Plaintiff, with Bates stamps, 2) provide all the additional items in the Document Request that he has in his possession or *can obtain* (emphasis added), and 3) sign a statement under penalty of perjury going through the Document Request item by item, listing all the documents being provided in response to the Document Request, detailing Defendant's efforts to obtain the documents that he is not providing, and, if he is not providing documents, stating why they are not available to be produced.

2.    On December 4, 2025, Defendant's attorneys sent Defendant's Amended and Supplemental Response to the Document Request (the "Response") to Plaintiff's attorneys by email that included a link to a dropbox which contained documents that Defendant contends are all the documents he has in response to the Document Request. Defendant signed a certification under penalty of perjury (the "Certification") that the Response and the documents sent on December 4, 2025 complied with his obligations under the Federal Rules of Bankruptcy Procedure and that he had made a diligent search and reasonable inquiry to locate all the documents within his "possession, custody, or control."

3.    The Certification failed to address that portion of the November 24, 2025 order requiring Defendant to "obtain" documents not in his immediate possession, custody, or control. Defendant's Response failed to comply with this Court's November 24, 2025 order and the Certification under penalty of perjury contains inaccurate statements about his production of

documents and his alleged attempts to obtain documents. Because Defendant failed to comply with the November 24 Order and failed to comply with the Federal Rules of Civil Procedure, Plaintiff requests that this Court enter an order imposing sanctions on Defendant striking his answer, prohibiting him from supporting any defenses he may have, and granting Plaintiff an adverse inference as to the facts alleged in Plaintiff's complaint.

4.      Argument: As amply shown below, the Response was incomplete, nonresponsive, and noncompliant. Not a single list was made. Any search that was done was not diligent. Any inquiry that was made was not diligent. Crucially, Defendant, cowering behind what appears to be an absurdly strained, inaccurate, and limited definition of the terms "possession, custody, or control" has declined to obtain bank and business records as to which, given his status as managing member of Network and its related entities, he had access to. These records should include Network's and the related entities' record keeping, bank accounts, and the accounting and storage platforms that Network and the related entities used to maintain their records. Defendant had that control as that term is understood under the Federal Rules of Civil Procedure and federal court practice. See, e.g., *Waite v. UMG Recordings, Inc.*, 2020 WL 3959185 at *2 (S.D.N.Y. July 13, 2020) (quoting *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 190 (S.D.N.Y. 2013). A managing member of an LLC has possession, custody, or control over bank records of the LLC because the managing member has the authority to communicate with the LLC's bank and obtain statements and bank transactions. *Scherbakovsky v. Da Capo A1 Fine, Ltd.*, 490 F.3d 130, 138-38 (2d Cir. 2007).  In short, the Response reeks of bad faith.

I.    The November 24 Order required Defendant to list "all the documents he is providing in response to Plaintiff's document request." Defendant gave Plaintiff access to a dropbox containing some documents, but provided no list of the documents in the dropbox.

3

ii.    In Document Request item 3, Plaintiff requested any "Quickbook flash drivcs or any other computer programs" used by Network or its related entities, including passwords. Defendant in paragraph 3 of the Response fails to list the requested flash drive or computer program. Instead, Defendant's paragraph 3 is a veritable word salad in which Network's accountant's name was repeatedly misspelled, and fails to describe any effort to search for, or otherwise obtain these documents from the accountants of any other party that may have them, including Network's CFO.

iii.    In Document Request items 4 and 5 various bank records from Network and its related entities were requested. Defendant in paragraph 4 of the Response makes a bewildering and irrelevant reference to meeting with a different bankruptcy trustee in a different case, and, instead of listing those records or any efforts to obtain merely states that he "believes" he previously turned over all these records to Plaintiff. As to Plaintiff's request for signature cards, Defendant blithely states that "they were maintained by the bank" which of course is true. The task for Defendant was not to state the obvious, but to list the signature cards, go to the bank to obtain them, and give them to Plaintiff (not the trustee in any other case). Defendant failed to do this.

iv.    In Document Request items 6, 7, and 8, sundry business records of Network and its related entities were requested. Upon information and belief, Defendant was the managing member of Network and its related entities. Defendant in paragraph 6 of the Response makes a vague and difficult to unpack and seemingly irrelevant reference to what is a separate bankruptcy case by one of the related entities. Defendant further refers to being locked out of an office and not being allowed to remove documents, but, disingenuously, declines to state whether he requested access to those documents for the purposes of responding to the Document Request or

4

the Rule 2004 order. Defendant fails to list the business records he allegedly cannot access and does not describe any effort to obtain them. Plaintiff never locked Defendant out of any office. Network's bankruptcy petition listed its address at 16 Court Street, Brooklyn, New York. Plaintiff went to the office number listed at that address, and no one there ever heard of Network or Defendant. Plaintiff has been trying to get the items in requests 6, 7, and 8 since the Rule 2004 order and the Rule 2004 examination in December 2022.

v.   Item 16 of the Document Request requested tax return work papers for Network and its related entities. Defendant responded that "Grossback" [sic] has those records, but does not state that he made any effort to obtain them from Grossbach to provide them to Plaintiff. Pages 79-81 of the Rule 2004 transcript indicate that Plaintiff previously requested those papers and Defendant stated that he would go to Grossbach's office to try to get them. Nonetheless, Defendant seemingly took no steps to contact Grossbach about the work papers. No work papers have been given to Plaintiff. Even if Grossbach did give some documents to Plaintiff in response to the Rule 2004 order, Defendant is required under the Federal Rules of Civil Procedure to produce those documents again in this proceeding.

vi   Perhaps the most glaring deficiency of the Response concerns the bank records. Document Request item 4 requested bank statements of Network and related entities from 2014 to date. This same information was requested in the Rule 2004 order and at the Rule 2004 examination. Defendant, on December 4, 2025, produced only a few bank statements, statements of Austin Eightfold from 2019 and a few of Defendant's from 2023. Defendant did not produce any statements from Network or any other entity. At the Rule 2004 examination conducted by Plaintiff on December 14, 2022, on page 49, Plaintiff identified a Chase account ending in 7913 that received transfers from Network. A copy of the transcript of the Rule 2004 examination is

5

annexed to Plaintiff's Reply to the Response dated December 18, 2025. Defendant agreed to track down that account. Defendant failed to produce any statements for the Chase account ending in 7913, including in response to the Document Request. On page 81 of the Rule 2004 transcript, Plaintiff asked Defendant about an account ending in 9688 which received transfers from Network and/or related entities. On lines 20-24, Defendant agreed to find out what account that was and produce statements for that account. Defendant failed to produce any statements for the account ending in 9688, including in response to the Document Request. On pages 83-85 of the Rule 2004 transcript Defendant testified that deposits were made into an account at an entity named "Fieldpoint."s Plaintiff requested copies of statements from that account. Upon information and belief, Fieldpoint provides private banking services. Defendant failed to produce any statements from any account at Fieldpoint. Defendant cannot satisfy his discovery obligations by asserting that he "does not have" the bank records where he made no effort to obtain documents that were readily available by request from the financial institutions that serviced Network and its related entities. Defendant's failure to even try to produce bank records in itself constitutes sufficient grounds to grant Plaintiff's request for sanctions striking his answer, prohibiting him from supporting any defenses he may have, and granting Plaintiff an adverse inference as to the facts alleged in Plaintiff's complaint.

5.      Courts have broad discretion to fashion an appropriate sanction when a party fails to produce discovery. *Fossil Indus., Inc. v. Onyx Specialty Papers, Inc.*, 302 F.R.D. 288, 293 (E.D.N.Y. 2014). Sanctions must by imposed when a party knowingly and brazenly ignores court orders. *Funk v. Belneftkhim*, 861 F.3d 354 (2d Cir. 2007). Failure to comply with a court order for discovery may be treated by a court as civil contempt. *Richmark Corp. v. Timber Falling Consultants*, 952 F.2d 1468, 1481 (9th Cir. 1992). Bankruptcy courts have the power to impose

civil contempt sanctions. *M.F. Global Holdings, Ltd. v. Allied World Assurance Co. (In re M.F. Global Holdings, Ltd.)*, 562 B.R. 41, 52 (Bankr. S.D.N.Y. 2017). Rule 37 (b) (2)(A) states that the sanctions include striking pleadings and rendering a default judgment against the disobedient party. When a party withholds evidence, that withholding of evidence can result in an adverse inference unless the party had good reasons to withhold the evidence and supplied other evidence covering the same matters. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019). When a party fails to produce evidence, the court has broad discretion to fashion a remedy including granting the other party an adverse inference that the facts alleged by the other party are established for the purposes of the action. *Residential Funding Corporation v. DeGeorge Financial Corp.*, 306 F.3d 99, 106 (2d Cir. 2002). The court may use its inherent powers to impose sanctions for misconduct in discovery including, but not limited to, granting the other party an adverse inference against the party that withheld evidence. *Id.* at 107. Sanctions should be fashioned to deny the wrongdoer the fruits of his or her misconduct. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376 (9th Cir. 2010).

6.      As shown above, Defendant has knowingly and brazenly ignored the November 24, 2025 order. Almost all of the documents requested by Plaintiff in his document request are the same documents this Court ordered him to produce pursuant to Rule 2004. By order dated May 25, 2023, this Court held Defendant in contempt and imposed sanctions on Defendant and his wife in the amount of $100 per day until they purged their contempt. As of the date of this Reply, Defendant and his wife have not purged their contempt, nor have they paid the sanctions or the legal fees this Court awarded Plaintiff. The amount of contempt sanctions to date exceeds $80,000. Had Defendant had valid reasons why he could not produce the documents he would have come forward with those reasons long before now.  Defendant did not provide a list of the documents he did give to Plaintiff.

Defendant did not detail his efforts to obtain the documents he did not provide. Plaintiff submits that Defendant made little or no effort to obtain the documents requested in the Document Request, not going to banks to get statements, not contacting Network's accountant, and not contacting Network's CFO.

7.    This Court has the inherent power and broad discretion to sanction Defendant and fashion an appropriate remedy for his failure to produce discovery. Because Defendant failed to produce documents and knowingly and brazenly ignored the November 24, 2025 order, this Court should impose sanctions on Defendant striking his pleadings, giving Plaintiff an adverse inference against Defendant for the facts alleged in the amended complaint, and prohibiting Defendant from supporting the defenses raised in his answer. Plaintiff should also be awarded the fees and expenses, including legal fees, for replying to the Request, to be paid by Defendant and/or his attorneys. Plaintiff submits that costs and expenses should be imposed on Defendant's attorneys as well as Defendant because Defendant's attorney signed the Response.

WHEREFORE, Plaintiff requests an order holding Defendant to be in contempt for his failing to comply with this Court's November 24, 2025 and for an order by striking his pleadings, giving Plaintiff an adverse inference against Defendant for the facts alleged in the amended complaint, prohibiting Defendant from supporting the defenses raised in his answer, and directing Defendant and/or his attorneys to pay Plaintiff the expenses, including legal fees, for his attempts to obtain discovery from Defendant, together with such other and further relief as is just and proper.

Dated: Arlington, Virginia
     December 30, 2025

               Rosenberg, Musso & Weiner, LLP
               Attorneys for Plaintiff
           By: /s/  Bruce Weiner
               Bruce Weiner
               P.O. Box 130
               Huntington Station, New York 11746
               bweiner@nybankruptcy.net