**ROSENBERG MUSSO & WEINER, LLP**
**P.O. BOX 130**
**HUNTINGTON STATION, NEW YORK 11746**

April 15, 2026

**VIA ECF**
Hon. Jil Mazer Marino
Chief United States Bankruptcy Judge
United States Bankruptcy Court
271 Cadman Plaza East
Brooklyn, New York 11201

> **Re: Musso v. Bistrian Adv No. 24-01090-jmm, Musso v. Bistrian Adv No. 23-1108, Musso v. Bistrian Adv. No 23-1052, Network Group LLC, Case No. 19-47229, Francis J. Bistrian aka Frank Bistrian, Case No. 23-44134**

Dear Judge Mazer Marino:

Robert J. Musso, the trustee/plaintiff in 23-1108 and 23-1052, the trustee in 19-47229, a creditor in 23-44134, and creditor/plaintiff in 24-1090, writes this status letter concerning these matters and the state of settlement discussions between the parties.

There have been no discussions between the parties since the settlement conference with Judge Lord on February 2, 2026. As stated in the trustee's letter to Judge Lord dated February 18, 2026, trustee's counsel tried to schedule a phone call with defendant's counsel, Brian Hufnagel, but was not successful in having any conversations. Mr. Hufnagel has not made any attempt to contact trustee's counsel since receipt of the trustee's February 18, 2026 letter, nor has he given the trustee any information or documents supporting the allegation made by Frank Bistrian at the February 2, 2026 settlement conference that the amount of the mortgage on the property at 457 Taconic Road, Greenwich, Connecticut owned by Katie Bistrian had been increased to $2 million. Without that information, the trustee cannot evaluate any settlement proposal. Katie Bistrian signed the stipulation and order scheduling that settlement conference, but she failed to attend the conference. The trustee believes that this, combined with her failure to ever make a settlement proposal since the trustee commenced his action against her indicates that she is unwilling to negotiate a settlement.

Since February 2, 2026, the trustee has continued his action against the property owned by Katie Bistrian in Connecticut state court to enforce his judgments totaling more than $1.5 million. In connection with that action, the trustee's attorneys in Connecticut did a lien search of the property and the search showed that no modification increasing the amount of the mortgage on the property is on file, which means that Frank Bistrian's statements at the February 2, 2026 settlement conference could not possibly have been accurate. Frank Bistrian also stated at the February 2, 2016 settlement conference that the property had a market value of $2 million. The

trustee's attorneys in Connecticut had the property appraised in connection with the pending case and the appraisal states that the property has a market value of more than $3.6 million. That valuation is consistent with what the trustee found on real estate websites. These misrepresentations by Mr. Bistrian taken together clearly show bad faith.

At the time of the settlement conference the trustee, as creditor/plaintiff in adversary 24-1090, had a pending motion under Federal Rule of Bankruptcy Procedure 7037, to hold Frank Bistrian in contempt for his failure to provide all the discovery requested by the creditor/plaintiff and imposing sanctions on him, including but not limited to striking his answer, prohibiting him from supporting any defenses he may have, and granting creditor/plaintiff an adverse inference as to the facts alleged in creditor/plaintiff's complaint, and an additional order awarding creditor/plaintiff costs and expenses, including legal fees, to be paid by Frank Bistrian and/or his attorneys.

Because of Frank Bistrian's bad faith misrepresentations at the February 2, 2026 settlement conference, his failure to make a meaningful settlement proposal at the conference, Katie Bistrian's failure to attend the settlement conference, and the complete lack of communication from Mr. Hugnagel since the settlement conference, trustee/plaintiff submits that a further settlement conference would not be a productive use of the Court's time and that of the parties, and instead requests that the Court schedule a hearing on the motion for discovery sanctions as well as all the other matters that were on the calendar at the last hearing before Judge Lord.

Very truly yours,

 /s/ Bruce Weiner
     Bruce Weiner
bweiner@nybankruptcy.net

cc:   Brian Hufnagel, Esq., via ECF